# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LUCY JORDAN,

      **Plaintiff,**

v.                             Case No. 2:24-cv-1248
                                      JUDGE EDMUND A. SARGUS, JR.

**SAMSUNG ELECTRONICS OF AMERICA, INC.,**     Magistrate Judge Kimberly A. Jolson

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Samsung Electronics of America, Inc.'s Motion to Dismiss Plaintiff Lucy Jordan's Complaint. (Mot., ECF No. 7.) Ms. Jordan also filed a Motion asking the Court to appoint her counsel and moved for summary judgment, or in the alternative for a directed verdict. (ECF No. 8.) For the reasons below, the Court **GRANTS** Samsung's Motion to Dismiss (ECF No. 7) and **DENIES as moot** Ms. Jordan's Motion (ECF No. 8).

## BACKGROUND

### I. Factual Background

Ms. Jordan, who is proceeding without the assistance of counsel, brings this diversity action against Samsung for injuries suffered after a Samsung microwave oven purportedly exploded in her home. (Compl., ECF No. 1.) Ms. Jordan alleges that the microwave exploded because of "faulty circuit panels" (*Id.* PageID 9.) After the microwave "spontaneous[ly] combust[ed]," Ms. Jordan claims she suffered injuries from a "foul odor," smoke inhalation, and "soot exposure." (*Id.* PageID 2.) She sought medical treatment for injuries to her "eyes and lungs" and her "stress induced vertigo." (*Id.* PageID 3.) Along with her physical injuries, she seeks damages for emotional distress from the incident. (*Id.* PageID 2, 11.) She claims that the explosion

caused her to experience stress, anxiety, and to live in a constant state of worry that other appliances in her home may also explode. (*Id.* PageID 11.)

Ms. Jordan attached to her Complaint photographs that allegedly show the burn marks to the wall and her refrigerator from the microwave. (Compl., PageID 7–8, 73–75.) Because of the odor, Ms. Jordan disposed of the microwave. (*Id.*)

The Complaint includes the following causes of action: negligence, strict liability, strict products liability, and loss of consortium. (*Id.* PageID 9–11.) She seeks damages in the amount of $3,500,000.00 to "replace [the] microwave and refrigerator, [to] clean up [her home], [for] medical bills," "pain and suffering" and "future pain and suffering." (*Id.* PageID 5.)

### II. Procedural Background

In its Motion to Dismiss, Samsung asserts that Ms. Jordan's causes of action are governed by the Ohio Product Liability Act ("OPLA"). (Mot., PageID 93, 96–98.) Samsung argues that Ms. Jordan's complaint should be dismissed for failing to properly plead her claims under the OPLA. (*Id.*) Samsung further asserts that even if she had properly pleaded her claims, her factual allegations fail to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.*) Samsung also argues that Ms. Jordan's loss of consortium claim fails as a matter of law because she alleges only injuries to herself not a third party. (*Id.* PageID 98.) Ms. Jordan opposed Samsung's Motion to Dismiss. (ECF No. 9.)

Ms. Jordan also moved the Court to appoint her counsel and award her summary judgment, or in the alternative, a directed verdict. (ECF No. 8.) Samsung opposed that Motion. (ECF No. 10.) Both Motions are now ripe for the Court's review.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While Rule 8(a)(2) requires a

2

pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard from *Twombly*). Further, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly,* 550 U.S. at 555) (internal quotations omitted).

A plaintiff proceeding without counsel must still satisfy the basic pleading requirements but is entitled to a liberal construction of their pleadings. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (describing the liberal and less stringent pleading requirements for pro se litigants); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (requiring pro se plaintiffs to satisfy "basic pleading essentials"). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov*, 411 F.3d at 716.

## ANALYSIS

Samsung argues that Ms. Jordan's common law claims are abrogated by the OPLA and should be dismissed. (Mot., PageID 96–98.) Even if Ms. Jordan properly pleaded her claims under the OPLA, Samsung asserts that her factual allegations fail to state a claim upon which relief can be granted. (*Id.*)

The Court first addresses the applicable law, and then analyzes each of Ms. Jordan's causes of action. Ms. Jordan' loss of consortium claim is dismissed for failing to state a claim for relief.

3

Her negligence claim is abrogated by the OPLA, and thus dismissed. Finally, the Court construes Ms. Jordan's remaining products liability claim as pled under the OPLA, but dismisses her claim for failing to state a claim for relief under any of the four applicable provisions of the OPLA.

## I. Choice of Law

Neither party disputes that Ohio law governs this diversity action.[1] *See Muncie Power Prods. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (explaining that when Ohio is the forum state, federal courts sitting in diversity apply a balancing test which presumes that "the law of the place where the injury occurs will be applied to a tort action" unless "another state has a more significant relationship to the action."); *Hogue v. Pfizer, Inc.*, 893 F. Supp. 2d 914, 916 (N.D. Ohio 2009) (concluding that Ohio law governed the action because plaintiff's alleged injuries occurred in Ohio) (citing *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 917 (N.D. Ohio 2009) (same)). The injury giving rise to Ms. Jordan's claims occurred in Westerville, Ohio.

## II. Ms. Jordan's Loss of Consortium Claim

Ms. Jordan's claim for loss of consortium alleges that because her microwave exploded, she now lives in a constant state of worry that interferes with her ability to enjoy life. (Compl., PageID 11.) Samsung argues that Ms. Jordan failed to properly plead her loss of consortium claim because her claim is based on injuries to herself. (Mot., PageID 98.)

Under Ohio law, one has a personal right to the consortium, or "companionship, comfort, love and solace," of their spouse, parent, or child. *Clouston v. Remlinger Oldsmobile Cadillac*, 258 N.E.2d 230, 235 (Ohio 1970) (explaining that one spouse has a cause of action for the loss of

---

[1] Diversity jurisdiction is proper here because Ms. Jordan is a citizen of Ohio and Samsung is a corporation incorporated in Delaware with its principal place of business in New Jersey. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (explaining that diversity jurisdiction under 18 U.S.C. § 1332 requires complete diversity of citizenship such that no plaintiff is of the same state as any defendant).

consortium when a person intentionally or negligently injures their spouse); *see also Thomson v. OHIC Ins.*, 780 N.E.2d 1082, 1085 (Ohio Ct. App. 2002) (defining a loss of consortium claim as the "loss of the benefits that one spouse is entitled to receive from the other or that a child is entitled to receive from his or her parent"). When an individual's spouse, parent, or child is injured by a third party, that person has a cause of action for damages for their loss of consortium. *Id.* In other words, loss of consortium claims are derivative claims. The claims belong "not to the person suffering a physical injury but to another." *Fehrenbach v. O'Malley*, 862 N.E.2d 489, 491 (Ohio 2007). Thus, Ms. Jordan must allege that the microwave injured someone other than herself for her claim to survive. Because she does not, her loss of consortium claim fails as a matter of law. Accordingly, Ms. Jordan's loss of consortium claim is **DISMISSED**.

### III. Ms. Jordan's Common Law Claims

Samsung argues that Ms. Jordan's remaining claims should be dismissed as preempted by the OPLA. (Mot., PageID 96–98.) The OPLA "explicitly eliminate[s] 'all common law product liability claims or causes of action.'" *Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (quoting Ohio Rev. Code § 2307.71(B)). The OPLA applies to "any recovery of compensatory, punitive, or exemplary damages based on a product liability claim." *Hendricks v. Pharmacia Corp.*, No. 2:12-cv-00613, 2014 U.S. Dist. LEXIS 76125, at *8 (S.D. Ohio June 4, 2014) (Deavers, M.J.) (quoting *Tolliver v. Bristol-Myers Squibb, Co.*, No. 1:12 CV 00754, 2012 U.S. Dist. LEXIS 105518 (N.D. Ohio July 30, 2012)). A product liability claim is defined by statute as one that "seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question" allegedly resulting from a "manufacturing or design defect, inadequate warning, or nonconformance with manufacturer representations." *Id.* (quoting Ohio Rev. Code § 2307.71(A)(13)).

5

The OPLA is the exclusive remedy for Ms. Jordan's remaining claims. Ms. Jordan seeks compensatory damages for her physical pain and suffering, emotional distress, physical damages, and loss of consortium. (*See* Compl.) Her injuries occurred after a microwave purportedly manufactured and distributed by Samsung exploded exposing her to suffer froma "foul odor," smoke, and soot. (*Id.* PageID 3.) The microwave is a "product" under the OPLA. *See* Ohio Rev. Code § 2307.71(A)(12)(a) (defining product as "any object . . . that constitutes personal property and . . . (i) is capable of delivery . . .[,] (ii) is produced, manufactured, or supplied for introduction into trade or commerce[,] (iii) is intended for sale or lease to persons for commercial or personal use."). As explained below, the conduct that forms the basis for her claims is the same conduct that the OPLA defines as a "products liability claim."

### A. Negligence

Under Count 1 of her Complaint, Ms. Jordan brings a common law claim for negligence. To support her claim, Ms. Jordan alleges that her microwave exploded "due to faulty circuit panels" and that Samsung failed to warn her of the microwave's potential for "dangerous glitches." (Compl., PageID 9–10.)

Ms. Jordan's negligence claim is abrogated by the OPLA because the actionable conduct that forms the basis for the claim is the same conduct that the OPLA defines as a "products liability claim." *See* Ohio Rev. Code § 2307.71(A)(13). That conduct includes:

(a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

(b) Any warning or instruction, or lack of warning or instruction, associated with that product;

(c) Any failure of that product to conform to any relevant representation or warranty.

6

Ohio Rev. Code § 2307.71(A)(13). Thus, her negligence claim is a common law products liability claim abrogated by the OPLA. *See Tompkin v. Am. Brands*, 219 F.3d 566, 575 (6th Cir. 2000) (finding claim for negligence in the manner cigarettes were tested, researched, sold, and promoted fell under the OPLA); *Bowles v. Novartis Pharms. Corp.*, No. 3:12-cv-145, 2013 U.S. Dist. LEXIS 134350, at *20 (S.D. Ohio Sep. 19, 2013) (Rice, J.) (granting summary judgment for defendant after concluding that negligent manufacture and negligent failure to warn were subject to the OPLA); *Hendricks*, 2014 U.S. Dist. LEXIS 76125, at *9 (finding common law failure to warn, defect in design or manufacture, negligence, gross negligence, and negligent misrepresentation claims abrogated by the OPLA).

### B. Strict Liability and Strict Products Liability

Ms. Jordan also raises strict liability and strict products liability claims. (Compl., PageID 10.) Both claims are preempted by the OPLA. *See Mitchell v. Proctor & Gamble*, No. 2:09-CV-426, 2010 U.S. Dist. LEXIS 17956, at *9 (S.D. Ohio Mar. 1, 2010) (Marbley, J.) ("The OPLA has been held to abrogate claims for strict products liability."); *Kennedy v. Depuy Orthopaedics, Inc.*, No. 1:14cv25, 2015 U.S. Dist. LEXIS 28480, at *3 (S.D. Ohio Mar. 9, 2015) (Barrett, J.) (dismissing strict liability claim as abrogated by OPLA).

Samsung argues that because Ms. Jordan failed to plead her negligence, strict liability, and strict products liability under the OPLA, the Court should dismiss her claims. (Mot., PageID 97–98.) Claims "authorized by the OPLA should be pled with reference to the applicable provision of the OPLA." *Mitchell*, 2010 U.S. Dist. LEXIS 17956, at *11 (dismissing product liability claims without prejudice and granting leave for plaintiffs to amend those claims to be brought with reference to their applicable OPLA provision); *Perry v. Ethicon, Inc.*, No. 2:20-cv-6592, 2022 U.S. Dist. LEXIS 56268, at *27 (S.D. Ohio Mar. 29, 2022) (same). But since Ms. Jordan is proceeding

7

pro se, the Court will construe her Complaint as pleading a claim for products liability under the OPLA. *Hendricks*, 2014 U.S. Dist. LEXIS 76125, at *14 (considering pro se plaintiff's common law claims as if pled under the OPLA).

The Court addresses whether Ms. Jordan adequately stated a claim for relief under the OPLA.

### IV. Ms. Jordan's OPLA Product Liability Claim

To survive this Motion to Dismiss, Ms. Jordan's product liability claim must fall under one of the four types of claims permitted by the OPLA: (1) manufacturing defect, Ohio Rev. Code § 2307.74; (2) design defect, Ohio Rev. Code § 2307.75; (3) inadequate warning or instructions, Ohio Rev. Code § 2307.76; and (4) nonconformance with manufacturers' representations, Ohio Rev. Code § 2307.77. *Tolliver,* 2012 U.S. Dist. LEXIS 105518, at *7 (citing Ohio Rev. Code §§ 2307.71(B), 2307.74–.77). After analyzing Ms. Jordan's Complaint, and construing the allegations in her favor, the Court finds that Ms. Jordan has failed to state a plausible claim for relief under any of the four applicable provisions.

#### A. Manufacturing Defect or Design Defect

To plead a manufacturing defect claim under the OPLA, Ms. Jordan must allege that: "(1) [t]here was, in fact, a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendant; and (3) the defect was the direct and proximate cause of the plaintiffs' injuries or loss." *Saraney v. TAP Pharm. Prods.*, No. 1:04 CV 02026, 2007 U.S. Dist. LEXIS 3113, at *20 (N.D. Ohio Jan. 16, 2007) (citation omitted).

Separately, "[t]he OPLA recognizes a design defect claim, "if, at the time [the product] left the control of its manufacturer, the foreseeable risks associated with its design or formulation . . . exceeded the benefits associated with that design or formulation." *Tolliver*, 2012 U.S. Dist. LEXIS 105518, at *10 (quoting Ohio Rev. Code § 2307.75(A)).

8

Ms. Jordan alleges that the microwave "spontaneous[ly] combust[ed]" "due to faulty circuit panels." (Compl., PageID 2–3, 9.) Samsung argues she has not adequately identified a manufacturing or design defect and that the pictures of the microwave included in Ms. Jordan's Complaint show that Ms. Jordan stored plastic-wrapped items in the microwave, causing it to catch fire. (Mot., PageID 101; Compl., PageID 73–75.)

Ms. Jordan does not allege that Samsung is the manufacturer of the allegedly faulty microwave, nor does she put forth any factual allegations to support her claim that the manufacturing of the microwave was faulty and caused her injuries. She provides no factual allegations that the alleged design defect existed at the time the product left the hands of the manufacturer or that it was the proximate cause of her injuries. "The OPLA 'requires more, even at the pleading stage,' than a 'naked allegation that a product failed.'" *Williams v. Bos. Sci. Corp.*, No. 3:23 CV 1409, 2023 U.S. Dist. LEXIS 220371, at *4 (N.D. Ohio Dec. 11, 2023) (quoting *O.M. Through McConnell v. KLS Martin LP*, 560 F. Supp. 3d 1084, 1089-90 (N.D. Ohio 2021)).

Even construing the Complaint in the light most favorable to Ms. Jordan, the Court finds she has not pleaded a plausible manufacturing or design defect claim for relief. The Court need not accept as true bare legal conclusions that the microwave was faulty. *See Hendricks*, 2014 U.S. Dist. LEXIS 76125, at *25 (explaining that plaintiff's conclusory pleadings failed to state a design or manufacturing defect claim).

### B. Inadequate Warning

A product is defective because of an inadequate warning or instruction, if when it left the manufacturer's control, both of the following applied:

> (a) The manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages; [and]

9

> (b) The manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm.

Ohio Revised Code § 2307.76(A)(1), (A)(2) (applying same standard to post-marketing warning or instructions). To prevail on a failure to warn claim, Ms. Jordan must prove: "(1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach." *Bowles*, 2013 U.S. Dist. LEXIS 134350, at *22 (citations omitted). A warning is adequate when it "reasonably discloses all inherent risks and if the product is safe when used as directed." *Rees v. W.M. Barr & Co.*, No. 2:15-cv-2821, 2017 U.S. Dist. LEXIS 161573, at *9 (S.D. Ohio Sep. 29, 2017) (Smith, J.). "Ultimately, when an adequate warning is given, the seller may assume that the warning will be read and followed and the product shall not be considered defective based on a failure to warn." *Id.* (citing *Rheinfrank v. Abbott Labs., Inc.*, 119 F. Supp. 3d 749, 782 (S.D. Ohio 2015) (Dlott, J.)).

      Ms. Jordan alleges that the combustion of Samsung microwaves is a "common occurrence" but Samsung "never bothered to notify" her of this risk. (Compl., PageID 3, 10.) She contends that Samsung "has a history of faulty equipment and appliances that cause fire[s]" including "their cell phones." (*Id.* PageID 10.) To support her allegations, she argues that other litigants have brought class action allegations against Samsung seeking damages from the combustion of their Samsung devices. (*Id.*; *see also* PageID 26.) She references news articles discussing class action lawsuits against Samsung over claims that Samsung refrigerators failed to keep food cold and that Samsung stoves are susceptible to accidental activation. (*Id.* PageID 44–46.)

      But the allegations above involve different Samsung appliances and different defects. Allegations that there may have been defects in other Samsung appliances does not support Ms.

10

Jordan's claim that her microwave contained inadequate warnings or instructions. Ms. Jordan does not make allegations regarding the contents or placement of the allegedly inadequate warning label on her microwave. Without allegations regarding the contents or placement of the warning label, the Court cannot assess whether the warning adequately disclosed all known risks associated with the microwave or whether it was placed in reasonably conspicuous place. Nor can the Court determine whether Ms. Jordan used the microwave as directed. Thus, Ms. Jordan has not pleaded a plausible claim for relief.

### C. Nonconformance with Manufacturer's Representations

Ms. Jordan's last potential OPLA claim for nonconformance with the manufacturer's representation also must fail. A claim under this section of the OPLA arises if a product "did not conform when it left the control of its manufacturer, to a representation made by that manufacturer." Ohio Rev. Code § 2307.77. A "representation" is defined as "an express representation of a material fact concerning the character, quality, or safety of a product." Ohio Rev. Code § 2307.71(A)(14). To adequately plead such a claim, Ms. Jordan must show that (1) the manufacturer made a representation about a material fact relating to the character or quality of the product; (2) the product did not conform to that representation; (3) the plaintiff justifiably relied on that representation; and (4) the plaintiff's reliance on the representation was the direct and proximate cause of the plaintiff's injuries. *Tolliver*, 2012 U.S. Dist. LEXIS 105518, at *14; *see also Bowles*, 2013 U.S. Dist. LEXIS 134350, at *38 (citing *Gawloski v. Miller Brewing Co.*, N.E.2d 731, 734 (Ohio Ct. App. 1994)).

Here, Ms. Jordan identifies no representations made by Samsung regarding the microwave, nor how the microwave failed to conform to that representation. Her Complaint contains no factual allegations to develop a plausible claim for nonconformance with the manufacturer's

11

representation. Accordingly, to the extent that she raises a claim under this provision of the OPLA, her claim fails as a matter of law.

Having reviewed each of the four potential avenues for recovery under the OPLA, the Court finds that Ms. Jordan has not pled sufficient facts to state a plausible claim for relief under the OPLA. Accordingly, Samsung's Motion to Dismiss is **GRANTED**. (ECF No. 7.)

Since the Court grants Samsung's Motion and dismisses Ms. Jordan's claims for failing to state a claim for relief, her Motion seeking court-appointed counsel, moving for summary judgment or in the alternative for a directed verdict is **DENIED as moot.** (ECF No. 8.)

## CONCLUSION

For the reasons above, Samsung's Motion to Dismiss is **GRANTED** (Mot., ECF No. 7) and Ms. Jordan's Complaint is **DISMISSED.** Ms. Jordan's Motion for court-appointed counsel and summary judgment (ECF No. 8) is **DENIED as moot**.

The Clerk is directed to enter judgment and close this case.


**IT IS SO ORDERED.**


**11/20/2024**                                                          _s/Edmund A. Sargus, Jr._
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                               **UNITED STATES DISTRICT JUDGE**